UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

THIRTEENTH FLOOR ENTERTAINMENT CENTER, LLC             APPELLANT

v.             CIVIL ACTION NO. 3:11CV-269-S

LOUISVILLE GALLERIA, LLC             APPELLEE

## MEMORANDUM OPINION AND ORDER

In its Designation of Record on Appeal (DN 1-1), the appellant, Thirteenth Floor Entertainment Center, LLC f/n/a Premier Health and Fitness Clubs, LLC ("Premier"), stated, in pertinent part:

> In addition to those exhibits specifically identified above, the parties reserved the right to use as exhibits all depositions, all deposition exhibits and any item produced by any deponent...Those depositions...are also designated as part of the record on appeal. Plaintiff/Appellant further designates the following specific depositions and exhibits thereto, which were previously included in the joint exhibit list...
>
> Blake Cordish Deposition...
>
> William A. Wade, III Deposition...[1]

DN 1-1, pp. 88-89 (Designation, pp. 28-29). Appellee Louisville Galleria, LLC ("Galleria"), objects to the inclusion of the full depositions of these two individuals in the record on appeal.

Portions of the depositions were introduced into evidence by Premier in conjunction with its opposition to Galleria's Motion *in limine* to preclude the bankruptcy court's consideration of parol evidence in a matter of contract interpretation. Galleria does not object to the inclusion of those portions of the depositions actually considered by the bankruptcy court, as Premier has appealed the bankruptcy court's grant of Galleria's *limine* motion.

---

[1] The deposition of Vadim Kaplan is excluded by agreement of the parties.

Premier urges that the depositions "are relevant to [the] argument [that evidence on non-integration of the contract should have been heard]. The [full depositions] should be included in the Record on Appeal in order for the District Court to be in a position to evaluate the relevance and strength of the argument as to non-integration of the Lease." Response, p. 3. Premier has cited no authority for its contention that this court may consider on appeal items not admitted in evidence in the bankruptcy proceedings.

The district court, on review of the final judgment of the bankruptcy court, will not consider items not presented to or considered by the bankruptcy court in the first instance. *See, Estate of Quirk v. C.I.R.*, 928 F.2d 751 (6th Cir. 1991)(an appellate court should not be considered a "second shot" forum)(citation omitted)); *In re Ames Dept. Stores, Inc.*, 320 B.R. 518, 522 (Bankr.S.D.N.Y. 2005)("[I]f an item was not considered by the court, it should be stricken from the record on appeal.").

Despite Premier's argument that the bankruptcy court *should have heard* the additional evidence (Response, p. 3), it did not. Therefore, the additional deposition testimony of Blake Cordish and William A. Wade, III which was not admitted in evidence by the bankruptcy court will not be considered part of the record on appeal in this action.

**IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the appellee, Louisville Galleria, LLC to exclude the deposition transcripts of Blake Cordish and William A. Wade, III from the record on appeal is **GRANTED.**

**IT IS SO ORDERED.**